UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**VINCENT BUCCI,**

    **Plaintiff,**                 **CASE NO.:**

    vs.

**STEEL RIVER SYSTEMS, LLC,
and VYSTAR CREDIT UNION,**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, Vincent Bucci, (hereafter Plaintiff) and files his Complaint against the Defendants, Steel River Systems, LLC and Vystar Credit Union, for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c (hereinafter "FDCPA") and the Florida Consumer Collection Practices Act (hereinafter "FCCPA") alleges:

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 US.C. § 1331 and pursuant to 15 US.C. §1692k (d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55 et seq. by the Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

1

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and the Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in Jacksonville, Duval County, Florida and is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3) and Fla. Stat. § 559.55(8).

5. Defendant Steel River Systems, LLC is a debt collector based in Rock Falls, IL, that does business in Florida and Duval County, and is a "debt collector" as that term is defined by Fla. Stat. §559.55(5).

6. Defendant Vystar Credit Union is a Credit Union based in Jacksonville, Florida and is a "person" as that term is noted in Fla. Stat. 559.72.

7. At all material times herein, Defendants attempted to collect a consumer debt allegedly incurred by Plaintiff (the "Debt"). Specifically, the Debt is from a credit card issued by Vystar Credit Union (Account No. XXXXXXXXXXXXXX266501).

8. At all material times herein, the Debt is a consumer debt obligation resulting from a transaction for goods or services and incurred primarily for personal, household, or family use.

9. At all material times herein, Defendants are "persons" subject to Fla. Stat. §559.72. *See* Fla. Stat. § 559.55(5), (7); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809 (Fla. 4th DCA 2002).

10. At all material times herein, Defendants' conduct, with respect to the debt complained of, qualifies as "communication" as defined by Fla. Stat. § 559.55(2).

## **GENERAL ALLEGATIONS**

11. This action arises out Defendant's attempts to collect on a debt which had been cancelled via IRS 1099-C Form in 2015 between Plaintiff and Defendant Vystar Credit Union.

12. The Plaintiff allegedly incurred a consumer "debt" as that term is defined by 15 U.S.C. § 1692a(5) and §559.55(6), Fla. Stat., specifically a debt to Vystar Credit Union from 2015 for approximately $24,395.82.

13. The "debt" is no longer valid. It was cancelled on March 9, 2015 by Vystar Credit Union through an IRS form 1099-C. *See Exhibit A.* To file a 1099-C form with the IRS, Defendant Vystar had to acknowledge via credit reporting "Event Code G" which indicates complete cancellation of the debt and discontinuation of collection activity.

14. That debt was later purchased or assigned to the Defendant Steel River. However, in the eight years that passed, the debt could no longer be reported on Plaintiff's credit (seven years) nor sued for in state court (five years).

15. On July 12, 2023, Defendant Steel River sent Plaintiff a collection letter which claimed that he owed $25,786.73 as of "March 9, 2015" on account "XXXXXXXXXXXX2665." *See Exhibit B.*

16. Upon information and belief, Defendant Steel River is collecting on the same debt that Defendant Vystar cancelled. Defendants would have actual knowledge of the debt being cancelled because Steel River Systems would have taken over the file left by Vystar.

17. Further, the date of the supposed "balance" owed is the same exact date of the 1099-C Form cancelling the debt.

18. Following the letter, Defendant Vystar froze Plaintiff Bucci's accounts with Vystar, effectively preventing him from accessing any of his checking or savings accounts.

19. When he found out that he had been locked out of his checking and savings accounts with Vystar, Plaintiff called Defendant Steel River Systems. Defendant Steel River Systems' agent explained that, because he had a membership agreement with Vystar, they were able to freeze his assets in order to collect on the Debt.

20. As of the filing of this Complaint, Plaintiff's accounts are still frozen and Steel River and Vystar have continued to attempt to collect on this Debt.

21. Defendant Vystar and Defendant Steel River Systems' collection actions are harassing and abusive to the least sophisticated consumer.

22. In considering what is "harassing or abusive" pursuant to the FCCPA and the FDCPA, the Court must consider the position of the "least sophisticated consumer" and his or her reaction to a communication.. This means that these communications would be viewed "from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1179 (11th Cir. 1985). Ordinarily, "whether conduct harasses, oppresses, or abuses will be a question for the jury." *Id.* at 1179. The purpose of the least-sophisticated consumer standard is to ensure the protection of the gullible as well as the shrewd. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. Fla. 2010) [22 Fla. L. Weekly Fed. C647a].

23. At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals, trustees, sureties, subrogees, representatives, third party vendors and insurers.

24. All necessary conditions precedent to the filing of this action occurred or have been waived by the Defendants.

## COUNT I
### (Violation of the FDCPA by Steel River Systems )

25. Plaintiff incorporates and realleges paragraphs one (1) through twenty-four (24) of this Complaint as if fully set forth herein.

26. The FDCPA was established to protect individuals and eliminate competitive disadvantages for collection companies to act properly.

> (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
> […]
> (c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.
> […]
> (e) It is the purpose of this title to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.
>
> 15 U.S.C §1692.

27. In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted "to eliminate abusive debt collection practices" which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."15 U.S.C. § 1692(a), (e). <u>Miller v. Payco-General Am. Credits, Inc.</u>, 943 F.2d 482, 483-84 (4th Cir. 1991).

28. The FDCPA, 15 U.S.C. §1692e(2)(A) prohibits debt collectors utilizing "[t]he false representation of the character, amount, or legal status of any debt." Defendant Steel River Systems sent Plaintiff a collection letter and froze Plaintiff's bank accounts in order to collect on a Debt which was cancelled over eight years ago. Defendant misrepresented that it had any legal right to collect whatsoever.

29. Further, it is a violation of 15 U.S.C. § 1692d, "…[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Moreover Defendant's communication used unfair and unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f .

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant Steel River Systems for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II

### (Violation of the FCCPA by Steel River Systems)

30. Plaintiff incorporates and realleges paragraphs one (1) through twenty-four (24) of this Complaint as if fully set forth herein.

31. The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See* Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted).

32. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

33. By attempting to collect a debt which has been cancelled and discharged by the previous creditor (Defendant Vystar), Defendant Steel River Systems violated the FCCPA §559.72(9) because it had no legal right to collect a cancelled debt.

34. In addition, Defendant was subject to, and has violated provisions of Fla. Stat. §559.72 by "...willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."§559.72(7).

35. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

36. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

37. In addition, Plaintiff has suffered actual damages by having his bank accounts completely frozen, preventing him from paying his mortgage, utility bills, and others.

38. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

39. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant STEEL RIVER SYSTEMS, LLC.: for an award of actual damages pursuant to Section 559.77 against Defendant and for Plaintiff; for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiff; for an award of costs of

litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff; and for such other relief as this Court deems just and proper.

## COUNT III

### (Violation of the FCCPA by Vystar)

40. Plaintiff incorporates and realleges paragraphs one (1) through twenty-four (24) of this Complaint as if fully set forth herein.

41. The Florida Consumer Collection Practices Act (the "FCCPA") is "a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." Harris v. Beneficial Finance Company of Jacksonville, 338 So. 2d 196, 200-201 (Fla 1976). In 1993, the FCCPA was enacted to complement the FDCPA, and, as of present-day, the FCCPA continues to effectuate this goal by otherwise furthering the protections and prohibitions of the FDCPA. *See* Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011) (stating, "[t]he Florida legislature through the FCCPA expresses its intent that the FCCPA be read as providing regulations that complement the FDCPA. Specifically, the FCCPA notes that any discrepancy between the two acts should be construed as to provide the consumer (or debtor) the greatest protection." (citations omitted).

42. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions that the FDCPA does not explicitly prohibit. Accordingly, in collecting consumer debts, pursuant to the FCCPA no person shall: "[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt

is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist." Fla. Stat. §559.72(9).

43. By freezing Plaintiff's bank accounts to collect on a debt that was cancelled by Vystar, Defendant Vystar violated the FCCPA §559.72(9) because it had no legal right to collect a cancelled debt.

44. In addition, Defendant was subject to, and has violated provisions of Fla. Stat. §559.72 by "...willfully engag[ing] in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family."§559.72(7).

45. Defendant's illegal and abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

46. Plaintiff has suffered actual damages as a result of these illegal collection communications by the Defendant in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

47. In addition, Plaintiff has suffered actual damages by having his bank accounts completely frozen, preventing him from paying his mortgage, utility bills, and others.

48. As a result of Defendant's violations of the FCCPA, Plaintiff is entitled to actual damages and statutory damages in an amount up to $1,000.00 and reasonable attorney's fees and costs pursuant to Section 559.77 from Defendant.

49. Additionally, Section 559.77 provides a court may award punitive damages as well as equitable relief to Plaintiff such as enjoining further illegal collection activity.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant Vystar Credit Union: for an award of actual damages pursuant to Section 559.77 against Defendant

and for Plaintiff; for an award of statutory damages of $1,000.00 pursuant to Section 559.77 against Defendant and for Plaintiff; for an award of costs of litigation and reasonable attorney's fees pursuant to Section 559.77 against Defendant and for Plaintiff; and for such other relief as this Court deems just and proper.

## COUNT IV
### (Breach of Contract by Vystar Credit Union)

50. Plaintiff incorporates and realleges paragraphs one (1) through twenty-four (24) of this Complaint as if fully set forth herein.

51. Plaintiff and Defendant Vystar Credit Union had, prior to 2015, entered into a membership agreement which allows for Defendant Vystar to garnish accounts in order to collect on debts owed to the Defendant.

52. However, in 2015, Defendant Vystar and Plaintiff entered into an agreement wherein Defendant Vystar would cancel Plaintiff's credit card debt and would stop collecting on this Debt.

53. In 2023, Vystar chose to attempt to collect this Debt anyway, after eight years, thus breaching the contract between the parties and causing actual damages in the form of frozen checking and savings accounts.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant Vystar Credit Union: for an award of actual damages against Defendant and for Plaintiff; for consequential damages arising from the breach of contract against Defendant and for Plaintiff; and for such other relief as this Court deems just and proper.

## **TRIAL BY JURY**

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

## **SPOILATION NOTICE AND DEMAND TO RETAIN EVIDENCE**

Plaintiff hereby gives notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence – paper, audio recordings, electronic documents, or data – pertaining to this litigation as required by law.

Respectfully submitted this 7th day of December, 2023.

**STORY | GRIFFIN**

/s/ Max Story
Max Story, Esq.
Florida Bar No.: 527238
Austin J. Griffin, Esq.
Florida Bar. No.: 117740
328 2nd Avenue North, Suite 100
Jacksonville Beach, FL 32250
Telephone: (904) 372-4109
max@storylawgroup.com
austin@storylawgroup.com
Attorneys for Plaintiff